UNITED STATES *v.* LEVALLY

(*District Court, W. D. Pennsylvania.* November 17, 1888.)

INDICTMENT AND INFORMATION—FINDING AND FILING—CRIMINAL LAW—ARREST OF JUDGMENT.

Where the foreman of the grand jury wrote his name in blank across the back of a bill of indictment, under the proper date, without more, and no finding by the grand jury was either reduced to writing or publicly announced in court, after plea of not guilty, trial, and conviction, *held*, that judgment must be arrested for want of a finding.

Indictment for Passing Counterfeit Coin. On motion in arrest of judgment.

*William A. Stone,* for the motion.

*The United States Attorney*, for the United States.

ACHESON, J.   This case differs essentially from *State* v. *Freeman*, 13 N. H. 488; *Com.* v. *Smyth*, 11 Cush. 473; *Price's Case*, 21 Grat. 846, and other cases cited and relied on by the district attorney.  In this court the practice is, and always has been, for the district attorney to prepare in advance the bills of indictment, and submit the same, with the evidence to support them, to the grand jury, whose action in each case, finding or ignoring the bill, is indorsed thereon, such indorsement being attested by the signature of the foreman thereunder.   The foreman never signs his name at the foot of the bill, and the only written evidence of the action of the grand jury is the indorsement.   The grand jury having brought the bill into court, in answer to the usual question hand the indictment to the clerk.   The finding is not publicly announced, either by the grand jury or the clerk, nor is any record thereof then made; but subsequently the clerk makes the proper entry on the minute-book and docket, from the indorsement on the bill.   In the present case the foreman of the grand jury merely wrote his name in blank across the back of the bill, under the date, "Oct. 16, 1888."   It is quite impossible, then, to determine from anything that appears what the action of the grand jury really was.   From this incomplete and insensible indorsement it cannot be assumed that the intention was to find the bill to be true.   Nor are we at liberty, as suggested, to carry down the word "indictment," printed on the back of the bill, and treat it as part of the finding of the grand jury, even conceding (which we are by no means prepared to do) that the use of that word alone, under the ruling in *Sparks* v. *Com.*, 9 Pa. St. 354, would suffice.   Nowhere upon the record is there any entry importing the finding of the bill as true.   The words "indictment filed" have no such significance, and the entry, "a true bill," upon the calendar or trial-list, prepared for the use of the judge, is a matter of no moment.   Indeed, the clerk could not properly make any record of the finding of the bill as true, for no such finding was reduced to writing by the grand jury, or publicly announced by them in court. The sum of the matter, then, is that by an oversight the trial here erroneously proceeded, without it appearing in anywise that the bill of indictment had been found by the grand jury.   Therefore the motion in arrest of judgment must prevail.

And now, November 17, 1888, it is ordered that judgment be arrested for the reason assigned in the motion.